**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Yonis D.,[1]                                          File No. 26-CV-2348 (JMB/EMB)

   Petitioner,

v.                                                                **ORDER**

David Easterwood, *Field Office Director for*
*Enforcement and Removal Operations*;
Markwayne Mullin, *Secretary of Homeland*
*Security*; Todd M. Lyons, *Acting Director of*
*U.S. Immigration & Customs Enforcement*;
Todd Blanche, *Acting Attorney General*;
Mike Stasko, *Administrator of Freeborn*
*County Jail*,

   Respondents.

Stacey Rogers, SRR Law Group, LLC, St. Cloud, MN, and Hannah Brown, Wayzata, MN, for Petitioner Yonis D.

David W. Fuller and Worthington Phillips, United States Attorney's Office, Minneapolis, MN, for Respondents David Easterwood, Markwayne Mullin, Todd M. Lyons, Todd Blanche, and Mike Stasko.

This matter is before the Court on Petitioner Yonis D.'s Amended Petition for a Writ of Habeas Corpus (Petition). (Doc. No. 5.) For the reasons explained below, the Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental party in immigration cases.

1

## FINDINGS OF FACT

1.      Yonis D. is a native and citizen of Honduras who arrived in the United States near Hidalgo, Texas, on or about October 21, 2013, when he was about fifteen years old. (Doc. No. 5 [hereinafter "Am. Pet."] ¶¶ 1–2.)

2.      At that time, Yonis D. was not admitted or paroled after inspection by an immigration officer; instead, he was charged under the Immigration and Nationality Act (INA) section 212(a)(6)(A)(i) as a person present in the United States without being admitted or paroled.  (*Id.* ¶ 2; Doc. No. 5-2 at 19.)

3.      On or about October 31, 2013, DHS issued Yonis D. a Warrant for Arrest of Alien, which stated that he was "liable to being taken into custody as authorized by section 236 of the [INA]."  (Am. Pet. ¶ 3; Doc. No. 5-2 at 21.)  Yonis D. was also issued a Notice to Appear (NTA) commencing removal proceedings under section 240 of the Act and issued him a notice that he would be held under the authority vested in INA section 236 without bond.  (Am. Pet. ¶ 4.)

4.      Yonis D., being a minor, was then processed as an unaccompanied child and placed with the Office of Refugee Resettlement (ORR).  (*Id.* ¶ 5.)  The ORR thereafter released Yonis D. from its custody into the care and custody of his sister in Fairfax, Virginia, in or around late November 2013.  (*Id.* ¶¶ 6, 8; *see also* 5-2 at 20.)  This ORR release was a "sponsor-placement" release.  (Am. Pet. ¶ 7.)

5.      Since his ORR release in late 2013 Yonis D. has remained in the United States and has established a life here.  (*Id.* ¶ 8.)  Yonis D. is a parent to two young daughters, has work authorization, and a pending asylum application.  (*Id.* ¶¶ 8–10.)  Both

of Yonis D.'s daughters were born in Fairfax, Virginia, and are U.S. citizens.  (*Id.* ¶ 10.)

6.      In or around March of 2026, Yonis D. was involved in a domestic incident at his home, during which he was arrested and placed in state custody.  (*Id.* ¶¶ 15–17.)  On March 24, 2026, Yonis D. alleges that after he left jail and posted bail, immigration officers took him into immigration custody.  (*Id.* ¶ 17.)  Respondents served an I-200 warrant and an NTA on Yonis D. at this time.  (Doc. Nos. 10-2, 10-4.)  According to this I-200 warrant, Yonis D. was detained "pursuant to sections 236 [8 U.S.C. § 1226] and 287 of the Immigration and Nationality Act."  (Doc. No. 10-2 at 1.)

7.      On April 13, 2026, Yonis D. entered into an Agreement to Suspend Prosecution with the government in his criminal state court matter, whereby he agreed to participate in the Early Domestic Violence Intervention Program, upon which successful completion of the program will result in the charges being dismissed.  (Am. Pet. ¶ 18.)

8.      On April 22, 2026, an Immigration Judge in Fort Snelling conducted a custody redetermination proceeding and subsequently denied Yonis D.'s request for a change in custody status, concluding the Immigration Court lacked jurisdiction to do so. (*Id.* ¶ 21.)

9.      Yonis D. filed his Amended Petition on April 24, 2026, pursuant to 28 U.S.C. § 2241.  (*Id.*)  In it, he asks the Court to order his immediate release from Respondents' custody on the grounds that his current detention violates due process or, alternatively, that he is entitled to a bond hearing, because his current detention should be administered pursuant to 8 U.S.C. § 1226.  (*Id.* at 29–34.)

10.      On April 28, 2026, David Easterwood, Markwayne Mullin, Todd M. Lyons,

Todd Blanche (together, Respondents) timely filed a response.  (Doc. No. 9)  The Court then ordered Yonis D. to file a reply on or before May 1, 2026, to which Yonis D. complied. (Doc. No. 11.)

## DISCUSSION

Yonis D. seeks immediate release from Respondents' custody on the grounds that his current detention violates his Fifth Amendment procedural and substantive due process rights, or, alternatively, that he is entitled to a bond hearing, because his current detention should be administered pursuant to 8 U.S.C. § 1226.  (*Id.* at 29–34.)  Respondents state that Yonis D. is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2) and that he lacks any due process right to be released from custody.  (*See generally* Doc. No. 9.)  The Court grants Yonis D.'s petition to the extent that he is entitled to a bond hearing because of Yonis D.'s immigration history, his prior release, and the circumstances of the arrest relating to his current detention.

### A.    Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at

4

525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention."[2] *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

## B.    Detention Pursuant to Section 1226(a)

The record of this case plainly shows that Respondents have always justified Yonis D.'s detention pursuant to section 1226(a) as opposed to section 1225(b)(2). In 2013 when Yonis D. was first apprehended by immigration officials at the border, he was explicitly charged under section 1226. (Am. Pet. ¶ 2; Doc. No. 5-2 at 19.) At that time, he was also issued an I-200 warrant and an NTA which authorized him to be taken into custody "as authorized by section 236 [8 U.S.C. § 1226] of the Immigration and Nationality Act." (Doc. No. 5-2 at 21.) Yonis D. was then released to a guardian by the ORR, further indicating his detention was pursuant to section 1226. (*Id.* ¶¶ 6, 8; *see also* 5-2 at 20.) Then, on March 24, 2026, Yonis D. was arrested and detained based on an I-200 Warrant which again stated that it was issued "pursuant to sections 236 [8 U.S.C. § 1226] and 287

---

[2]  Respondents argue that Yonis D. must exhaust administrative remedies in immigration court before seeking habeas relief. (Doc. No. 9 at 26–27.) Exhaustion, however, does not bar review in this case. Exhaustion requirements are judicially created and not statutorily mandated, Yonis D. asserts significant irreparable harm from his alleged unlawful detention, and because exhaustion in immigration court is almost certain to be futile given the Bureau of Immigration Appeals's decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *See Jose J.O.E.*, 797 F. Supp. 3d at 965–66; *Eliseo A.A. v. Olson*, 811 F. Supp. 3d 1021, 1032 (D. Minn. 2025).

of the Immigration and Nationality Act." (Doc. No. 10-2 at 1.) At no time, prior to this litigation, have Respondents ever invoked the mandatory detention authority of section 1225(b)(2) to detain Yonis D.

Instead, this case is similar to *Souleimane C. v. Blanche*, where the respondents "for the first time, and only in response to [petitioner's] habeas petition . . . claim[] that everything the Government said before was wrong, and that [petitioner] has actually been detained all along under 8 U.S.C. § 1225(b)(2)." No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026). It's true that in *Avila v. Bondi*, the Eighth Circuit held section 1225(b)(2) mandates the detention of unadmitted noncitizens already present in the United States. 170 F.4th 1128 (8th Cir. 2026). The question at issue in this case, however, is not whether the government possesses the authority to mandatorily detain unadmitted noncitizens present in the United States, but rather, whether Respondents invoked that authority for their detention of Yonis D. This Court agrees with the analysis in *Souleimaine C.* that "'courts may not accept [] counsel's post hoc rationalizations for agency action,' and that 'an agency's action must be upheld, if at all, on the basis articulated by the agency itself.'" 2026 WL 1180075, at *3 (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)). Here, the basis for Yonis. D's detention has consistently been represented as pursuant to section 1226, and the Court will not now adopt Respondents' post hoc theory of detention under section 1225(b)(2) that was raised for the first time in this litigation. *See also Souleimaine C.* 2026 WL 1180075, at *4; *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025).

Noncitizens detained under § 1226(a) are entitled to a bond hearing. 8 C.F.R.

§§ 236.1(d)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Therefore, the Court deems a bond hearing to be the appropriate remedy for Yonis D.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. The Court DECLARES that Yonis D. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents must provide Petitioner Yonis D. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than May 27, 2026.

3. If Respondents do not provide Yonis D. with a bond redetermination hearing by May 27, 2026, as required by this Order, the Government is ORDERED to release Yonis D. from detention immediately.

4. On or before 11:00 a.m. CT on May 28, 2026, counsel for Respondents shall file a letter affirming that Petitioner had a bond hearing or was released from custody in accordance with this Order. If Petitioner is released, Counsel shall also file a declaration on or before 11:00 a.m. CT on May 28, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaching any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on May 28, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

5.      To the extent Petitioner Yonis D. seeks additional relief, the Petition is
        DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 21, 2026                                /s/ *Jeffrey M. Bryan*
                                                   Judge Jeffrey M. Bryan
                                                   United States District Court